UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SAMMIE L. BOOKER-EL, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | No. 1:19-cv-00747-JPH-MPB |
| KEITH BUTTS, | ) ) ) | |
| Respondent. | ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Mr. Sammie L. Booker-El for a writ of habeas corpus challenges a prison disciplinary proceeding conducted on November 6, 2018, identified as NCF 18-11-0028. For the reasons explained in this Entry, Mr. Booker-El's habeas petition must be **denied.**

**A.  Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On November 3, 2018, Officer Dunlap charged Mr. Booker-El with violating Code B-216, sexual conduct. Dkt. 7-1. The conduct report states:

> On the above date and appx. Time [0815 AM], I Ofc. Dunlap was doing a pod check and as I walk[ed] by[,] Off. Booker 127120 said Hey Miss Dunlap[.] I Ofc. Dunlap turn[ed] and look[ed] and saw Off. Booker was laying in bed with his coat up and penis in hand. I Ofc. Dunlap informed Off. Booker that he was getting a write up.

*Id*.

On November 5, 2018, Mr. Booker-El was provided a copy of the conduct report and the Notice of Disciplinary Hearing (screening report). Dkts. 7-1 and 7-2. Mr. Booker-El was notified of his rights and he pleaded not guilty. Dkt. 7-2. He did not request a lay advocate, witnesses, or physical evidence. *Id*.

A disciplinary hearing was held on November 6, 2018. Dkt. 7-3. Mr. Booker-El pleaded not guilty and stated, "I had shaved my private area. I was on my bunk apply [sic] grease to [my] privates. The officer walked by and stared at my privates for 3-5 seconds. She then told me she was going to write me up." *Id*. After considering the conduct report and Mr. Booker-El's statement, the hearing officer found Mr. Booker-El guilty of violating Code B-216. *Id*. Mr. Booker-El was sanctioned with a 90-day loss of good-time credit. *Id*. The reasons for the sanctions imposed were the seriousness and the nature of the offense. *Id*.

Mr. Booker-El filed appeals to the Facility Head and the Final Reviewing Authority. Dkts. 7-4 and 7-5. Both appeals were denied. *Id*. Mr. Booker-El then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

Mr. Booker-El contends that his due process rights were violated by the following: (1) denial of an impartial decisionmaker at the disciplinary hearing; (2) denial of an impartial review upon appeal; and (3) insufficient evidence. Dkt. 1 at 2-4.

#### 1. Impartial Decisionmaker

A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decisionmaker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666-67 (7th Cir. 2003); *see Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, the "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the Indiana Department of Correction. *Piggie*, 342 F.3d at 666. Instead, hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

Mr. Booker-El contends that the hearing officer was biased because he did not acknowledge that the conduct report is silent with respect to whether Mr. Booker-El's penis was exposed. Dkt. 1 at 2. However, the conduct report states that Mr. Booker-El was "in bed with his coat up and [his] penis in hand." Dkt. 7-1. The conduct report is not silent with respect to whether Mr. Booker-El's penis was exposed.

Mr. Booker-El does not assert that the hearing officer was involved in the underlying events leading to his conviction or the investigation thereof. The hearing officer was entitled to weigh the evidence before him and Mr. Booker-El has not presented any evidence to overcome the hearing officer's presumption of honesty and integrity.

Mr. Booker-El is not entitled to habeas relief on this basis.

### 2. Impartial Review on Appeal

There is no due process right to an administrative appeal, and thus any errors during the administrative appeal process cannot form the basis for habeas relief. The Supreme Court in *Wolff* made clear that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." 418 U.S. at 556. The due process rights that apply, which are set forth in detail in *Wolff*, do not include any safeguards during an administrative appeal, nor even a right to appeal at all. The procedural guarantees set forth in *Wolff* may not be expanded by the lower courts. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001).

Mr. Booker-El asserts that the warden and final reviewing authority failed to acknowledge that the conduct report is silent with respect to whether Mr. Booker-El's penis was exposed. Dkt. 1 at 3. As noted above, the conduct report is not silent with respect to whether Mr. Booker-El's penis was exposed. Moreover, there is no due process right to safeguards in an administrative appeal or even an appeal at all.

Mr. Booker-El is not entitled to habeas relief on this basis.

### 3. Insufficient Evidence

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it

and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Construing Mr. Booker-El's petition liberally, he asserts that the hearing officer's finding of guilt is not supported by sufficient evidence. Dkt. 1 at 3. The hearing officer relied upon the conduct report and Mr. Booker-El's statement in determining that he was guilty of violating Code B-216. Dkt. 7-3. Code B-216, sexual conduct, prohibits "[e]ngaging in any of the following: . . . [c]lutching, exposing, fondling, or touching the offender's own intimate parts for the sexual arousal of the offender or others, whether clothed or unclothed, while observable by others." Dkt. 7-6 at 6. The conduct report states that Mr. Booker-El was "in bed with his coat up and [his] penis in hand." Dkt. 7-1. Mr. Booker-El stated, "I was on my bunk apply [sic] grease to [my] privates. The officer walked by and stared at my privates for 3-5 seconds." Dkt. 7-3. The conduct report and Mr. Booker-El's statement constitute some evidence.

Mr. Booker-El is not entitled to relief on this basis.

**D.     Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Booker-El to the relief he

seeks. Accordingly, Mr. Booker-El's petition for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice**.

Judgment consistent with this Entry shall now issue.

**SO ORDERED**.

Date: 2/19/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

SAMMIE L. BOOKER-EL
127170
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov